UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY DEAN BUNDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13CV83 CDP |
| | ) | |
| IN RE ESTATE OF DENA | ) | |
| JOAN BELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no.E-27807), an inmate at Valley State Prison in Chowchilla, California, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $15.79. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will order the plaintiff to show cause as to why this matter should not be dismissed for lack of jurisdiction. See Fed.R.Civ.P. 12(h)(3).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $78.97, and an average monthly balance of $43.18. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.79, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at Valley State Prison in Chowchilla, California, brings this action to "contest the power of attorney executed between Carol O'Drobinak (Bell) and Dena Joan Bell before Dena Joan Bell's death on grounds of 'undue influence.'" Plaintiff states generally that this Court has "jurisdiction to hear the petition and exact an interest of constructive trust."  Plaintiff names the "Estate of Dena Joan Bell" as the defendant in this action.

Plaintiff alleges that he recently received notice of the death of his mother, Ms. Dena Joan Bell.  Plaintiff claims that it was his mother's intention to leave her home in Marceline, Missouri to him so he would have a place to live after his release from prison in 2023.  However, plaintiff has been told that his mother signed a power of attorney to her step-daughter, Carol O'Drobinak.  Plaintiff believes that the power of attorney was signed under either duress or under the influence of an illness due to his mother's prior promises to leave her home to him.  As such, he wishes to the Court to investigate the matter on his behalf.

Plaintiff fails to state whether this matter is currently in probate, and he has not provided the Court with the factual circumstances allegedly surrounding the "power

of attorney" signed by his mother and given to his step-sister, such as why he believes the alleged power of attorney was signed under duress.  Although plaintiff did file a "supplemental" to his complaint, the supplement fails to provide any additional information relating to the alleged probate of his mother's estate except to provide unverified information relating to the fact that his aunt told him that she believes his mother kept a certificate of deposit in one of two banks that was supposed to go to him.

## Discussion

At the outset, the Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court.  Plaintiff does not set forth any laws or constitutionally-protected rights that defendant allegedly has violated.  See 28 U.S.C. § 1331.  Moreover, plaintiff has insufficiently alleged diversity jurisdiction under 28 U.S.C. § 1332.  In order to properly allege diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000 and that the plaintiff and the defendant are citizens of different states.

The complaint is completely devoid of any allegations of the citizenship of the parties or of the amount in controversy.  Although plaintiff states that he is currently incarcerated in California, he has not alleged the state of which he is a citizen.  See, e.g. Jones v. Hadican, 552 F.2d 249, 250 (8th Cir. 1977) (prisoner's

citizenship unaffected by incarceration in different state).  Nor has plaintiff indicated the place where his mother's estate is currently in probate,[1] and whether the estate is worth in excess of $75,000.

Furthermore, even if this Court did have diversity jurisdiction over this matter under 28 U.S.C . § 1332, there is a judicially created limitation on federal court subject-matter jurisdiction that prohibits the exercise of jurisdiction over probate cases even where all the prerequisites for diversity jurisdiction are otherwise present.  See Sianis v. Jensen, 294 F.3d 994 (8th Cir. 2002).

More specifically, a federal court has no jurisdiction to probate a will, administer an estate or entertain an action that would interfere with a pending probate proceeding in a state court.  Mangieri v. Mangieri, 226 F.3d 1 (1st Cir. 2000); Dulce v. Dulce, 233 F.3d 143 (2nd Cir. 2000); Golden ex rel Golden v. Golden, 382 F.3d 348 (3d Cir. 2004); Breaux v. Dilsaver, 254 F.3d 533 (5th Cir. 2001); Storm v. Storm, 328 F.3d 941 (7th Cir. 2003); American Financial Life Ins. and Annuity Co. v. Youn, 7 Fed. Appx. 913 (10th Cir. 2001); Community Ins. Co.

---

[1] Although plaintiff maintains that the res (the property) that he seeks is located in Missouri, he has named his mother's estate as the defendant in this action. Pursuant to 28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent. Accordingly, plaintiff must present evidence to this Court as to who is the proper legal representative of his mother's estate.  He cannot proceed just on information and belief.

v. Rowe, 85 F.Supp. 2d 800 (S.D. Ohio 1999); In re Estate of Threefoot, 316 F.Supp. 2d 636 (W.D. Tenn. 2004).

Nor can a federal court control property that is currently in the custody of a probate court. Mangieri, 226 F.3d at 2; Monahan v. Holmes, 139 F.Supp. 2d 253 (D. Conn. 2011); In re estate of Threefoot, 316 F.Supp. 2d at 644; Lemery v. Ford Motor Co., 205 F.Supp. 2d 710 (S.D. Tex 2002).

The Eighth Circuit has noted that "ferreting out those instances where the exercise of federal court jurisdiction would interfere with a probate matter to such a degree to invoke the [probate] exception can be as elusive as its origin." Sianis, 294 F.3d at 998. In Sianis, where the plaintiff sought to set aside his mother's will based upon the fraudulent conduct of the defendants, the Eighth Circuit acknowledged that there are "instances when a federal court may have jurisdiction to adjudicate the validity of a will"; whether a federal court has jurisdiction in such circumstances depends on the remedy available to the plaintiff under applicable state law. Id. "[W]here the dispute over the will would be cognizable only in a state probate court, a federal court" does not have jurisdiction. Id. On the other hand, "if state law authorizes a suit inter partes to annul a will or to set aside the probate of a will, and the suit is enforceable in a court of general jurisdiction within the state, a federal court may entertain jurisdiction over the will

contest." Id. (citing Bassler v. Arrowood, 500 F.2d 138, 141 (8th Cir.1974) ("Where the action is clearly in personam, federal courts have the power to adjudicate the controversy.")).

Mo.Rev.Stat. § 473.083.1 provides for filing a petition contesting a will in the state circuit court. "[T]he jurisdiction of the circuit court to hear will contests is derivative," however, as "[t]he probate courts have exclusive jurisdiction over the probate or rejection of wills." Estate of Johnson v. Powell, 708 S.W.2d 783, 784 (Mo.Ct.App.1986) (citing Danforth v. Danforth, 663 S.W.2d 288, 293 (Mo.Ct.App.1983)). For the circuit court to have jurisdiction of a will contest: "(1) there must be a final judgment of the Probate Division admitting the will to probate"; "(2) the action to contest the will must be filed in the county wherein the will was probated"; and "(3) the statutory provision governing time limits on service of process must be complied with." Id.

Plaintiff has not provided the Court with enough information in his complaint to fully determine whether the Court should refrain from exercising jurisdiction in this matter, if diversity jurisdiction does in fact exist. He has not provided any information as to whether there is a current probate action in Missouri state court and whether there is, in fact, an estate to probate.

Assuming that there is an estate to probate (because plaintiff has named the estate as a defendant in this action), the Court has some doubts as to whether the issues presented in plaintiff's complaint will be able to steer clear of interference with any ongoing state probate proceedings.  Most importantly, because plaintiff is seeking return of his mother's home, which is undoubtedly part of the probate estate, the Court believes that plaintiff's allegations do, in fact, involve questions about the control of property in the custody of the state court. Cf McAninch v. Wintermute, 491 F.3d 759, 766 (8th Cir.2007) (holding that probate exception does not lie where a plaintiff seeks an in personam judgment against a defendant and does not seek "a res" in the custody of the state court).

Because of plaintiff's failure to properly plead diversity jurisdiction in this action, as well as plaintiff's failure to address whether the limitation on jurisdiction over probate cases lies in this case, the Court will order plaintiff to show cause within thirty (30) days of the date of this Memorandum and Order as to why this matter should not be dismissed for lack of jurisdiction.

In his response to show cause, plaintiff should address both issues relative to this Court's subject matter jurisdiction.  If plaintiff believes that he needs to amend his complaint in order to more properly plead jurisdiction in this instance, he may do so within the thirty (30) day time period, but he must also file an

accompanying memorandum addressing whether the limitations on jurisdiction over probate matters applies to this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $15.79 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within thirty (30) days of the date of this Memorandum and Order why this case should not be dismissed for lack of jurisdiction.

Dated this 31st day of October, 2013.

                                                  _____
                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE