# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY DEAN BUNDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13CV83 CDP |
| | ) | |
| IN RE ESTATE OF DENA JOAN BELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's response to the Court's October 31, 2013 Order to Show Cause why this action should not be dismissed for lack of jurisdiction. After reviewing plaintiff's response and his supplemental briefing, the Court will require plaintiff to file an amended complaint for review under 28 U.S.C. § 1915. Plaintiff will also be required to file a supplemental brief on the issue of the "probate exception" to federal court diversity jurisdiction. Plaintiff's failure to comply with this Court's Memorandum and Order within thirty (30) days of the date of this Order will result in a dismissal of this action, without prejudice.

### Procedural Background

On September 16, 2013, plaintiff, an inmate at Valley State Prison in Chowchilla, California, brought this action to "contest the power of attorney executed between Carol

O'Drobinak (Bell) and Dena Joan Bell before Dena Joan Bell's death on grounds of 'undue influence.'" Specifically, plaintiff was alleging that he had recently received notice of the death of his mother, Ms. Dena Joan Bell and that although his mother had always told him that it was her intention that she would leave her home in Marceline, Missouri, to him after her death, he had been told that prior to her death she had signed over power of attorney to her step-daughter, Carol O'Drobinak. Plaintiff asserted in his complaint that the power of attorney was signed under either duress or under the influence of an illness.

Plaintiff stated generally in his complaint that this Court had "jurisdiction to hear the petition and exact an interest of constructive trust." Plaintiff named as the defendant in this action the "Estate of Dena Joan Bell." It appeared, at the time of the filing of the complaint, that plaintiff believed he had an interest in his mother's home in Marceline, Missouri, as well as in any bank accounts belonging to his mother and any life insurance proceeds she might have had.

As plaintiff was seeking leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, the Court reviewed the complaint for frivolousness, maliciousness, and for failure to state a claim. On October 31, 2013, the Court issued a Memorandum and Order requiring plaintiff to show cause why this action shouldn't be dismissed for lack of subject matter jurisdiction.

In its Memorandum and Order, the Court noted that plaintiff had not pleaded a basis for this Court's jurisdiction and that there was a judicially created limitation on federal court subject-matter jurisdiction, known as the "probate exception," that prohibits the exercise of jurisdiction over probate cases even where all the prerequisites for diversity jurisdiction are otherwise present. Plaintiff was instructed to address the "probate exception" in his response to the Court's Memorandum and Order.[1]

Plaintiff filed several responses to the Court's Order to Show Cause. In his first response to show cause he claims in a round-about way, that diversity jurisdiction exists in this matter. He further insists that his mother's home in Marceline, Missouri, which is in the jurisdiction of this Court, is valued over $75,000. He asserts that he is a citizen of the State of California, with a valid California I.D. card, and prior to his incarceration he lived and worked in California and maintained a residence in Bakersfield, California.

In his next response, plaintiff declares that the house in Marceline is not in probate. In one of plaintiff's responses, he stated that the house was solely owned by his mother, Ms. Dena Bell. However, in another response to the Court, plaintiff asserted that his step-father, Clifford Bell jointly owned the house with his mother. Plaintiff has since filed a supplemental response with the Court indicating Mr. Clifford Bell died in December of

---

[1] Plaintiff has not yet addressed the factual issues inherent in, or the legal arguments pertinent to, the "probate exception."

2013, thus, it is not apparent who owns the property in Marceline, Missouri, or whether the house is currently in probate after his step-father's death.

In yet another response to the Court, plaintiff has indicated that he no longer wishes to pursue an allegation of "undue influence" against Ms. Carol O'Drobinak. Accordingly, it is not entirely clear exactly what claims plaintiff is bringing before the Court.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992).

**Discussion**

Although plaintiff may be able to assert some sort of claim for monetary damages against the personal administrator of his mother's estate[2], it is simply unclear what claims he is bringing before the Court and whether or not this Court has jurisdiction[3] over such claims.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint on a Court form. Plaintiff is reminded that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews. Thus, plaintiff must include in the "Caption" of the amended complaint the names of all defendants he wishes to sue in this action; in the "Statement of Claim," he must set out, in separate numbered paragraphs, specific facts

---

[2] Although plaintiff maintains that the res (the property) that he seeks is located in Missouri, he has named his mother's estate as the defendant in this action. Pursuant to 28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent. Accordingly, plaintiff must present <u>evidence</u> to this Court as to who is the proper legal representative of his mother's estate. He cannot proceed just on information and belief.

[3] In order to properly allege diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that the amount in controversy exceeds $75,000 and that the plaintiff and the defendant are citizens of different states.

against each named defendant; and in the "Relief" section, he must briefly set out what he wants the Court to do for him. Plaintiff must also sign the amended complaint.

In addition to his amended complaint, plaintiff must also file a supplement to his amended complaint specifically addressing the Court's jurisdiction under the "probate exception" to diversity jurisdiction in federal court. As noted in the Court's prior Memorandum and Order, even if this Court does have diversity jurisdiction over this matter under 28 U.S.C . § 1332, there is a judicially created limitation on federal court subject-matter jurisdiction that prohibits the exercise of jurisdiction over probate cases even where all the prerequisites for diversity jurisdiction are otherwise present. See Sianis v. Jensen, 294 F.3d 994 (8th Cir. 2002). From the totality of the record, the Court believes that plaintiff's allegations do, in fact, involve questions about the control of property currently in the custody of the state court. As such, the probate exception could prohibit the Court from exercising jurisdiction over plaintiff's action. Cf. McAninch v. Wintermute, 491 F.3d 759, 766 (8th Cir.2007) (holding that probate exception does not lie where a plaintiff seeks an in personam judgment against a defendant and does not seek "a res" in the custody of the state court).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this Order, in accordance with the specific instructions set forth above.[4]

**IT IS FURTHER ORDERED** that plaintiff shall file a supplemental brief within thirty (30) days of the date of this Order addressing the factual issues inherent in, and the legal arguments pertinent to, the "probate exception."

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff the Court's civil complaint filing form.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint and file a supplemental brief in accordance with this Court's instructions will result in the dismissal of this action, without prejudice and without further notice to him.

Dated this 5th day of February, 2014.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[4] For his amended complaint, plaintiff shall use the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983.