UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BOBBY DEAN BUNDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13CV83 CDP |
| | ) |
| IN RE ESTATE OF DENA | ) |
| JOAN BELL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's amended complaint. After reviewing the amended complaint, the Court will dismiss this action for lack of jurisdiction, pursuant to Fed.R.Civ.P.12(h)(3).

### Procedural Background

On September 16, 2013, plaintiff, an inmate at Valley State Prison in Chowchilla, California, brought this action to "contest the power of attorney executed between Carol O'Drobinak (Bell) and Dena Joan Bell before Dena Joan Bell's death on grounds of 'undue influence.'" Specifically, plaintiff was alleging that he had recently received notice of the death of his mother, Ms. Dena Joan Bell and that although his mother had always told him that it was her intention that she would leave her home in Marceline, Missouri, to him after her death, he had been told that prior to her death she had signed over power of attorney to her step-daughter, Carol Bell-O'Drobniak. Plaintiff asserted in his complaint that the power of attorney was signed under either duress or under the influence of an illness.

Plaintiff stated generally in his complaint that this Court had "jurisdiction to hear the petition and exact an interest of constructive trust." Plaintiff named as the defendant in this action

the "Estate of Dena Joan Bell." It appeared, at the time of the filing of the complaint, that plaintiff believed he had an interest in his mother's home in Marceline, Missouri, as well as in any bank accounts belonging to his mother and any life insurance proceeds she might have had.

As plaintiff was seeking leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, the Court reviewed the complaint for frivolousness, maliciousness, and for failure to state a claim. On October 31, 2013, the Court issued a Memorandum and Order requiring plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

In its Memorandum and Order, the Court noted that plaintiff had not pleaded a basis for this Court's jurisdiction and that there was a judicially created limitation on federal court subject-matter jurisdiction, known as the "probate exception," that prohibits the exercise of jurisdiction over probate cases even where all the prerequisites for diversity jurisdiction are otherwise present. Plaintiff was instructed to address the "probate exception" in his response to the Court's Memorandum and Order.

Plaintiff filed several responses to the Court's Memorandum and Order. Plaintiff claimed diversity jurisdiction existed in this case, as he was a citizen of the State of California, and his mother's home in Marceline, Missouri was valued over $75,000. Plaintiff further declared that although the house had been jointly owned by his step-father, Clifford Bell, Mr. Bell had died in December of 2013. Plaintiff further indicated he no longer wanted to pursue an allegation of "undue influence" against Ms. Carol Bell-O'Drobniak. As plaintiff's allegations were not entirely clear, the Court ordered plaintiff, on February 5, 2014, to amend his complaint.

**The Amended Complaint**

In his amended complaint, plaintiff names as defendants: "In re Estate of Dena Joan Bell; Estate of Clifford Arnold Bell; Carol Bell-O'Drobniak; John Bell and Christine Bell." He also names as an additional defendant, Munster IND. In his statement of claims, plaintiff asserts that he is a

2

"lifer-prisoner" in the State of California. He asserts that prior to his incarceration he was a legal resident of the state of California, residing in Bakersfield, California.

Plaintiff claims that his mother, Dena Joan Bell died on August 16, 2013. He alleges that, "My mother left no will but it is my contention that her intentions were clearly defined. I am Dena Bell's sole heir and through her actions it should be apparent to this court that my mother's intent was to ensure that I be financially secured through her estate." Plaintiff explains that his mother married his step-father, Clifford Bell around 1981-1982, and they spent their first couple of years as a married couple living in Jeffrey Avenue in Sauk Village, Illinois before purchasing a home together at 304 W. Garcia Street in Marceline, Missouri, where they resided until their deaths in 2013.

Plaintiff asserts that his mother fell ill with pneumonia in June of 2013 and was recovering at a nursing home in Marceline, Missouri in June of 2013. He claims that his step-father, who had suffered from serious health issues for more than twenty (20) years, had become increasingly emotionally abusive toward his mother throughout the years and "forbade" her from leaving a will. Unfortunately, plaintiff states that his mother succumbed to her illness in August of 2013 and was not able to return to the home in Marceline, Missouri.

Plaintiff "begs" the Court to "create a constructive trust from Dena Bell and Clifford Bell's estate" in order to allow plaintiff to "take" from the Bells' death benefits. Plaintiff also seeks to be awarded the entirety of a $10,000 death benefit from an insurance policy maintained by his mother, Dena Bell.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it

lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992).

**Discussion**

Plaintiff has pleaded "diversity jurisdiction" in this action by alleging that the action concerns a "res," or property located in Marceline, Missouri, and a dispute between a California citizen (himself)[1] and the estate of two Missouri citizens[2], Mr. and Mrs. Clifford and Dena Bell, with a personal representative of their estates also from Missouri (Ms. Carol Bell-O'Drobniak). Plaintiff, however, fails to assert the citizenship of his step-siblings, John and Christine Bell. Additionally, plaintiff has not identified who or what defendant Munster IND is or where its principal place of business is located, assuming it is a corporation.[3] Thus, plaintiff does not appear to have alleged full and complete diversity jurisdiction. See 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between—(1) citizens of different States. . .")

---

1 "Ordinarily, the citizenship of a prisoner remains in the State of which he was a citizen before his imprisonment." White v. Fawcett Publications, 324 F. Supp. 403, 404 (W.D. Mo. 1971).
2 28 U.S.C. § 1332(c)(2).
3 28 U.S.C. § 1332(c)(1).

Moreover, although plaintiff purports to allege an amount in controversy exceeding $75,000, [4] he asserts that he is "willing to forfeit his claim to the residence at 304 W. Garcia Street in Marceline, MO" if necessary to avoid a conflict with the probate exception.

Plaintiff alleges that the house was jointly owned, that his mother died prior to his step-father, and that his step-father had a will that is currently being subject to probate in the State of Missouri. See Mo.Rev.Stat. § 473.050 ("A will, to be effective as a will, must be presented for and admitted to probate."). Thus, even if plaintiff had properly alleged diversity jurisdiction over this matter under 28 U.S.C. § 1332, there is a judicially created limitation on federal court subject-matter jurisdiction that prohibits the exercise of jurisdiction over probate cases. See Sianis v. Jensen, 294 F.3d 994 (8th Cir. 2002). And plaintiff cannot attempt to tailor his claims on one hand to meet the diversity jurisdiction requirements, yet on the other hand, to avoid the probate exception. In other words, if the Court were to follow plaintiff's suggestion and remove any claims relating to the house from plaintiff's amended complaint, plaintiff would not be able to meet the more than $75,000 amount in controversy requirement under 28 U.S.C. § 1332.

A federal court has no jurisdiction to probate a will, administer an estate or entertain an action that would interfere with a pending probate proceeding in a state court. Mangieri v. Mangieri, 226 F.3d 1 (1st Cir. 2000); Dulce v. Dulce, 233 F.3d 143 (2nd Cir. 2000); Golden ex rel Golden v. Golden, 382 F.3d 348 (3d Cir. 2004); Breaux v. Dilsaver, 254 F.3d 533 (5th Cir. 2001); Storm v. Storm, 328 F.3d 941 (7th Cir. 2003); American Financial Life Ins. and Annuity Co. v. Youn, 7 Fed. Appx. 913 (10th Cir. 2001); Community Ins. Co. v. Rowe, 85 F.Supp. 2d 800 (S.D.

---

4 Plaintiff asserts, without any accompanying records or factual information whatsoever, that the home at Marceline, Missouri is worth $60,000-$65,000, and that he was told that his mother had a CD at a bank in Marceline, Missouri worth $20,000, and that his mother had a life insurance policy worth $10,000. The complaint is completely devoid of any evidence regarding his allegations as to the amount in controversy.

Ohio 1999); In re Estate of Threefoot, 316 F.Supp. 2d 636 (W.D. Tenn. 2004). By plaintiff's own assertions, his step-father, Clifford Bell, was a joint owner of the home in Marceline, Missouri. As plaintiff has indicated that the home will be part of the estate probated in Mr. Bell's will, this Court cannot interfere in the matter at this time. See Mangieri, 226 F.3d at 2; Monahan v. Holmes, 139 F.Supp. 2d 253 (D. Conn. 2011); In re estate of Threefoot, 316 F.Supp. 2d at 644; Lemery v. Ford Motor Co., 205 F.Supp. 2d 710 (S.D. Tex 2002).

If plaintiff truly wishes to take up the matter at hand, he should do so in state court, where the will can be contested. See Mo.Rev.Stat. § 473.083.1; Estate of Johnson v. Powell, 708 S.W.2d 783, 784 (Mo.Ct.App.1986).

In light of the aforementioned, this Court will dismiss this action for lack of subject matter jurisdiction. See Fed.R.Civ.P.12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended complaint will be dismissed for lack of jurisdiction, pursuant to Fed.R.Civ.P.12(h)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of April, 2014.

                                                  _/s/ Catherine D. Perry_
                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE